IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| U.S. BANK NAT'L ASSOC., | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| GEORGE SMITH, | : | |
| Defendant | : | No. 14-4324 |

MEMORANDUM

PRATTER, J.                                                                                                           FEBRUARY 3, 2015

Defendant George Smith asks the Court to vacate the default judgment entered against him after he failed to answer or otherwise respond to the Complaint, arguing that service was improper and that he has meritorious defenses to the action. Plaintiff opposes the request. The Court held oral argument on January 5, 2015, and after reviewing the parties' supplemental briefing, the Court will deny the motion in part and hold the remaining arguments in abeyance pending further supplemental briefing.

**BACKGROUND**

On May 31, 2007, Griscom Street LLC (the "Borrower") executed a Promissory Note in the amount of $324,000 and a Mortgage in favor of GreenPoint Mortgage Funding. At the same time, Defendant George Smith, the sole member of the Borrower, executed a related Guaranty. Thereafter, the loans changed hands a few times; they were first assigned to Park National Bank and then to the FDIC as receiver for PNB and finally to Plaintiff U.S. Bank National Association (the "Bank").[1] According to the Complaint, the Borrower failed to pay amounts due under the Note beginning in February, 2014. A notice of default was served on the

---

[1] After the filing of the instant motion, the Plaintiff has designated the judgment for the use of S.A.Challenger. For the sake of simplicity, the Court will continue to refer to the original Plaintiff rather than the "Use Plaintiff" in this opinion.

1

Borrower and Mr. Smith as guarantor, and neither the Borrower nor Mr. Smith has paid the amounts due, despite demand.

The Bank filed this action to collect on the Guaranty on July 17, 2014. On August 4, 2014, the Bank filed an affidavit of service stating that Mr. Smith was served on July 29, 2014 at his New York home[2] by handing a copy of the Complaint to "Mrs. Marie," described as a 40-year-old African American woman at the residence. The Complaint and Summons were also mailed to the residence on the same day. After Mr. Smith failed to answer the Complaint, Plaintiff moved for entry of default. The Clerk of this Court entered default on August 22, 2014. The Bank then moved for default judgment. After asking for and receiving supplementary information relating to damages, the Court entered default judgment on September 26, 2014 in the amount of $329,196.67, plus interest accruing on the balance from July 14, 2014 through the date of entry of judgment at the rate of 12.875% per annum and $5,000 in attorney's fees.

On October 15, 2014, Mr. Smith filed a motion to open the default judgment entered against him. Attached to that motion is an affidavit from Mr. Smith, averring that he does not know of anyone named Mrs. Marie or anyone fitting her description. He also states that he lives alone. The Bank responded, and the Court held oral argument on January 5, 2015. Following oral argument, the parties filed supplemental briefing on the issue of service.

### LEGAL STANDARD

A district court must consider three factors in exercising its discretion in granting or denying a motion to set aside a default judgment under Federal Rule of Civil Procedure

---

[2] Because the Guaranty provides that this Court is the proper venue for any actions relating to the Note, Mortgage, and /or Guaranty, the Court has personal jurisdiction over Mr. Smith.

60(b)(1)[3]: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; (3) whether the default was the result of the defendant's culpable conduct." *U.S. v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984). A defendant "establishe[s] a meritorious defense [if] its allegations, if established at trial, would constitute a complete defense." *Id.* The defendant's allegations must be of "specific facts beyond simple denials or conclusionary statements." *Id*. (citing cases). Doubtful cases should be resolved in favor of the moving party, "'so that cases may be decided on their merits.'" *Id.* at 194-95 (quoting *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 245 (3d Cir. 1951)). The existence of a meritorious defense is a threshold question. As the Third Circuit Court of Appeals has stated, the question of whether a defendant has a meritorious defense "is the critical issue because without a meritorious defense [a defendant] could not win at trial. Therefore, there would be no point in setting aside the default judgment . . . if [the defendant] could not demonstrate the possibility of his winning." *Id.*

Under Rule 60(b)(4), a court must relieve a party from a previously entered default judgment if that judgment is void due to improper service. *See Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1304 (3d Cir. 1995) ("We note that if a default judgment had been entered when there had not been proper service, the judgment is, *a fortiori,* void, and should be vacated.") Under such circumstances, the Court need not even consider whether the defendant has offered a meritorious defense or otherwise weigh the three factors necessary to set aside a default judgment under other circumstances. *See Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84-87 (1988) ("Where a person has been deprived of property in a manner contrary to the most basic tenets of due process, it is no answer to say that in his particular case due process of law

---

[3] According to Federal Rule of Civil Procedure 55(c), which governs defaults and default judgments, a motion to vacate a default judgment is governed by Federal Rule of Civil Procedure 60(b).

would have led to the same result because he had no adequate defense upon the merits.") (internal quotation omitted).

**DISCUSSION**

### A. Improper Service

Mr. Smith's main contention is that service was not proper. Mr. Smith claims that although the Bank had the correct address for him, he lives at that address alone, does not know anyone named "Mrs. Marie" or fitting her description, and never received a copy of the Complaint or any notice that it had been filed. The Bank counters that it properly served an adult at the residence and mailed the Complaint and Summons on the same day, in accordance with New York state law. It argues that even if a stranger intercepted the Complaint at Mr. Smith's home, the Bank did everything it was supposed to do to effect service.

Federal Rule of Civil Procedure 4(e)(1) states that service may be made in accordance with the laws of the state in which service is made. Because Mr. Smith resides in New York, the Court looks to New York service rules. Under New York Civil Practice Law and Rules § 308(2), a plaintiff may serve a defendant by delivering a summons and complaint to a person of suitable age and discretion at the actual place of business, actual dwelling place, or usual place of abode of the person to be served and by mailing a copy to the defendant within 20 days thereafter. While under federal law, the person on whom process is served must reside at the defendant's residence, New York law does not require that the person on whom process is served reside with the defendant – the person on whom process is served must merely be at the residence and of suitable age and discretion. *See* N.Y.C.P.L.R. § 308(2).

Under New York law, a process server's affidavit of service constitutes prima facie evidence of proper service. *See, e.g., Remington Investments, Inc. v. Seiden*, 658 N.Y.S.2d 696

(N.Y. App. Div. 1997) ("The affidavits of the process server constitute prima facie evidence of proper service pursuant to CPLR 308(2)."). Here, however, Mr. Smith has raised facts that he argues rebut that presumption of service. He claims that he does not know any person answering the description of the person who was supposedly served at his residence. The only case to which he cites in support of his argument – the decision of a New York trial court – is distinguishable. In *City of New York v. Chemical Bank*, 470 N.Y.S.2d 280 (N.Y. Sup. Ct. 1983), the court held that when process is served upon a person who has a clear conflict of interest with the defendant, service is improper because that person cannot be said to be of suitable discretion. *Id.* at 285. In so doing, the court stated in *dicta* that "service on persons of limited or no understanding, or of remote or no relationship to the defendant, has not been sustained." *Id.* The cases to which the court cites in support of this principle, however, were not applying § 308(2). *See McDonald v. Ames Supply Co.*, 238 N.E.2d 726 (N.Y. 1968) (holding that *personal* service (as opposed to "deliver and mail" service) was not accomplished when process was served on receptionist who was not an employee of third-party defendant); *Ilfin Co. Inc. v. Benec Indus., Inc.*, 451 N.Y.S.2d 643 (N.Y. City Civ. Ct. 1982) (holding service improper under N.Y. R.P.A.P.L § 735, which mandates that service be made on a person of suitable age and discretion who *resides* or *is employed at* the property sought to be recovered, when service was made on an employee of the defendant's co-tenant, rather than on an employee of defendant); *Joyce v. Bauman*, 165 A. 425 (N.J. 1933) (applying New Jersey law and holding that service upon an allegedly illiterate maid was improper when the defendant and his family were not in residence at the home for seven months, not because the maid was not of suitable age and discretion, but because the residence was not at that time the defendant's usual place of abode). Indeed, only one of the three cases cited by the *Chemical Bank* court involved "deliver and mail" service

similar to that required under § 308(2), and that case hinged not on *who* received process but on *where* process was received.

At least one court faced with a more closely analogous case found that service was proper. In *Ortiz v. Santiago*, 757 N.Y.S.2d 521 (N.Y. App. Div. 2003), the defendants were served under § 308(2) at their residence. The affidavit of service stated that a person named "John Smith" accepted service at the address. *Id.* at 522. Defendants claimed that no such person exists or ever lived at their address and that they never actually received a copy of the complaint. Even so, the appellate court reversed the lower court's order vacating default judgment and held that service was proper. The *Ortiz* court determined that defendants had failed to rebut the presumption of service because they did live at the address at which the complaint was served and because, even taking into account the argument that John Smith did not exist, "[t]here has been no claim, much less a showing, that ['John Smith'] was not of suitable age and discretion." *Id.* at 524. *See also Touhamy v. Geraldo*, 723 N.Y.S.2d 606 (Nassau Dist. Ct. 2001) (holding that service on "Jane Doe" satisfied § 308(2) in the absence of any direct rebuttal of the affidavit of service).

Here, there is no dispute that the Bank had the correct address for service. Mr. Smith disputes that "Mrs. Marie" had suitable discretion because he claims to have no relationship with a person fitting her description, but he cites to no case law that holds that a 40-year-old woman is not of suitable age and discretion – as noted above, the sole case he cites does not actually bolster his argument, and other case law involving a similar situation contradicts it. Thus, the Court holds that Mr. Smith has failed to rebut the presumption of service.

If Mr. Smith is to prevail on his motion, then, he must, at a minimum, offer a meritorious defense to the Bank's action against him.

### B. Meritorious Defenses

In addition to asserting improper service, Mr. Smith also argues that he has meritorious defenses to the Bank's claim against him. In accordance with well-established Third Circuit Court of Appeals case law, those defenses must be complete defenses to the action in order to justify setting aside an otherwise efficacious default judgment, and those defenses must be set forth with specificity. *See $55,518.05 in U.S. Currency*, 728 F.2d at 195 (citing to cases in which defendants established a "complete defense" by alleging "specific facts beyond simple denials or conclusionary statements" in their proposed answers). Here, Mr. Smith rattles off several defenses, but provides nothing like the specificity required. His proposed answer to the complaint contains conclusory denials and boilerplate affirmative defenses. Even with more detail, however, many of the "defenses" that Mr. Smith sets forth in his motion cannot possibly serve as *complete* defenses to the action, are legally insufficient on their face, and/or are based on mere speculation.

For instance, Mr. Smith "disputes ownership of the debt." Essentially, he says that the Complaint's recital of the way the debt changed hands is "long and confusing," and that there is "insufficient proof to show ownership conclusively." However, on its face, this "defense" is nothing more than speculation. Mr. Smith does not allege any facts that cast doubt on the debt's ownership, nor does he explain why the facts alleged are, or even may be, incorrect. Considering that the Bank not only alleged ownership, which the Court correctly accepted as true when granting the motion for default judgment, but also attached documents to the Complaint showing that the debt was assigned to the Bank, this cannot be a meritorious defense without actual factual support, which Mr. Smith, by his own admission, cannot supply.

Next, Mr. Smith "disputes the amount that is calculated." His argument is simply that there were no documents attached to the Complaint that show the account history. However, he does not provide any proof, even in the form of allegations, that the amount calculated was incorrect, and his counsel stated at oral argument that he is unable to offer any such evidence. Moreover, even if this were true, an incorrect amount would not be a complete defense to the action; at most, it would only affect the *amount* of the judgment, not the fact of it.

Mr. Smith claims that there was a lack of consideration in the guaranty, in that he did not receive anything of value in return for signing it. As the sole member of the Borrower, however, which obviously benefitted from the transaction as a whole, this defense must fail. Indeed, as the Bank argues, "to have an enforceable guaranty contract, it is not necessary that consideration pass directly to the surety; the extension of credit to the principal debtor is sufficient consideration for the promise of the surety." *See Paul Revere Protective Life Ins. Co. v. Weiss*, 535 F. Supp. 379, 385 (E.D. Pa. 1981).

Mr. Smith makes two more arguments that require additional briefing before the Court rules on their merits.[4] Mr. Smith claims that the Bank failed to mitigate its damages when it refused a short sale, a request for modification, and otherwise failed to work with the Borrower and Mr. Smith in good faith. He claims that the original lender lied when it said that there would be a modification in the event of financial distress. He cites no law that imposes on the Bank a duty to mitigate in the ways he discusses or that would bind the Bank in any way to alleged promises made by the original lender, which are not included in any of the written loan and guaranty documents. After oral argument, it is unclear whether Mr. Smith claims that these

---

[4] Mr. Smith also claims that "election of remedies" is a defense to this action, in that the Bank also sued the Borrower in state court over the Note. While it is certainly true that the Bank is not entitled to a double recovery, it is also true that the "election of remedies" doctrine prohibits a plaintiff from pursuing *inconsistent* remedies, not from pursuing consistent remedies against multiple parties. *See Wedgewood Diner, Inc. v. Good*, 534 A.2d 537, 539 (Pa. Super. Ct. 1987).

failures on the part of the Bank were merely failures to mitigate (and, therefore, not complete defenses to the action but merely attacks on the amount of damages) or failures to negotiate in good faith (and, therefore, somehow provide a complete defense).

Mr. Smith also argues that the loan documents are unconscionable because they "give the lender the right of foreclosure, confession of judgment, assignment of rents, receivership, guarantees, etc." He claims that he has the "right to present the surrounding circumstances of this loan, which contains such extremely one-sided clauses, and where defendant had no choice but to accept the clauses as drafted by the lender." He presents none of those surrounding circumstances here, nor does he specifically identify which portions of the loan documents are unconscionable, why that is so, or what case law supports that conclusion.

With respect to both the promises allegedly made by the original lender and the unconscionability of the loan, the Bank responds that as the holder in due course of the loan, it cannot be liable for any "personal" defenses that could have been raised against the original lender. *See* 13 Pa. C.S. § 3305; *Cheltenham Nat'l Bank v. Snelling*, 326 A.2d 557, 559 (Pa. Super. Ct. 1974). Moreover, it argues that regardless of whether the Note itself is enforceable, the unconditional guaranty is enforceable, but cites to no Pennsylvania case law in support. Mr. Smith's counsel claimed at oral argument that this was not the case.

Because courts disfavor defaults and default judgments, however, the Court will allow Mr. Smith one more opportunity to more fully brief these last two proposed defenses before ruling on this portion of the motion. Specifically, Mr. Smith may elaborate on any alleged breaches of good faith and/or unconscionability, keeping in mind that his proffered defenses must be *complete* defenses and should be stated with the particularity required by the Third Circuit Court of Appeals. He should also specifically address the Bank's arguments regarding

which defenses may be asserted against a holder in due course.  After Mr. Smith briefs the issue, the Bank will have an opportunity to respond.

**CONCLUSION**

For the foregoing reasons, the Court will deny Mr. Smith's motion in part, and hold the remaining arguments in abeyance, pending further briefing.  An appropriate Order follows.

BY THE COURT:


S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE